# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MICHAEL FINE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 15-CV-849-W-DGK-P |
| | ) | (Crim. No. 12-CR-268-W-DGK-13) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant Stephen Michael Fine ("Fine") pled guilty to two drug-related charges. Now before the Court is his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). For the reasons below, the Court DENIES the motion without an evidentiary hearing and DENIES a certificate of appealability.

## Background[1]

For his participation in a methamphetamine conspiracy, Fine pled guilty to: (1) a lesser-included charge of conspiracy to distribute some amount of methamphetamine; (2) conspiracy to commit money laundering; (3) distribution of fifty grams or more of methamphetamine; and (4) tampering with a witness.

In advance of sentencing, the U.S. Probation and Pretrial Services Office prepared a presentence investigation report ("PSR"). The report writer found Fine to be a career offender under § 4B1.1 of the U.S. Sentencing Guidelines in light of his previous convictions for

---

[1] The facts in this section derive from: (1) Fine's record admissions, and (2) the allegations in his motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Fine to relief, the Court denies him an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

attempting to manufacture a controlled substance in 1998 and for conspiring to distribute a precursor chemical in 2004. This classification subjected Fine to a higher sentence.

Fine's attorney filed an objection, which the probation officer noted in her addendum to the PSR (Crim. Doc. 429 at 29). Specifically, the attorney told the probation officer, "Mr. Fine objects to the conclusion that he is a career offender under Chapter Four. None of his prior felony convictions qualifies as a crime of violence or a controlled substance offense." (*Id.*) The attorney filed a sentencing memorandum raising the same objection in more detail: "The information provided does not establish that the offenses of conviction necessarily involve a controlled substance." (Crim. Doc. 459 at 2).

At the sentencing hearing, the Court noted it had reviewed the PSR and Fine's objections (Crim. Doc. 617 at 3). The Court asked Fine's attorney, "Would you like to say anything—you don't have to. You've made really good—articulated your position well. If you want to make further argument you're welcome to do so, but I'll address that now." (*Id.* at 5–6). Fine's attorney declined the opportunity: "I believe I've adequately addressed my position in the objections in the sentencing memorandum." (*Id.* at 6). Fine's attorney did not present additional argument or evidence.

The Court agreed with the probation officer and found Fine to have two prior convictions for "controlled substance offenses," as defined in Guidelines § 4B1.2(b). Under § 4B1.1(a), the Court found Fine to be a career offender and sentenced him to 293 months' imprisonment. Fine did not appeal.

**Discussion**

A district court may vacate a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Fine's sole ground for

relief concerns the Sixth Amendment right to effective assistance of trial counsel. Fine continues to maintain that his prior convictions do not qualify as "controlled substance offenses" under § 4B1.2(b) of the Sentencing Guidelines. Specifically, he believes that his state-court convictions involved the manufacture or distribution of red phosphorus, which is not a controlled substance. He argues that his attorney was constitutionally ineffective for failing to present evidence in support of that argument at sentencing.[2]

To establish that counsel's assistance was so ineffective that it deprived the petitioner of his Sixth Amendment rights, he must show that: (1) his attorney's performance was deficient; and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be satisfied to obtain relief; if Fine fails to establish deficiency, then the court need not analyze whether counsel prejudiced him. *See id.* at 697.

The first *Strickland* prong, deficiency of performance, questions "whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). This inquiry "must be highly deferential" and account for "a strong presumption . . . that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington*, 562 U.S. at 110.

Fine's complaints are not specific enough to convince the Court that his attorney failed to competently represent him. Fine claims generally that his attorney should have presented

---

[2] Specifically, he argues, "Counsel failed to further present EVIDENCE during the Sentencing Hearing to show that . . . the State Prior Convictions for the Precursor Chemical (RED PHOSPHORUS) itself was NOT a Controlled Substance and DID NOT fall under either category of Controlled Substance Offenses defined in Guideline §4B1.2(b)." (Doc. 2 at 7).

evidence that red phosphorous is not a controlled substance, which would mean his state-court convictions did not count as "controlled substance offenses." He does not identify a single witness, record, or picture that, if presented at sentencing, would have further advanced the argument his attorney made beforehand. Nor can the Court conceive of any evidence that the attorney obviously should have presented but forgot to present. Fine needs more to support his claim; "merely stating unsupported conclusions will not suffice." *Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981).

There is no evidence that Fine's attorney was anything less than "reasonably competent." *See Harrington*, 562 U.S. at 110. If anything, his attorney likely had no evidence to present on this issue. Fine seems to take issue more with the attorney's *legal* argument, which was thoroughly aired and rejected. The Court denies Fine's § 2255 motion in its entirety.

Because no reasonable jurist would grant any part of this motion, the Court denies Fine a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

For the above reason, Fine's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED. A certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Date:  February 18, 2016                    /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT