IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MICHAEL FINE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 15-CV-849-W-DGK-P |
| | ) | (Crim. No. 12-CR-268-W-DGK-13) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

The Court closed this case after denying 28 U.S.C. § 2255 relief to Movant Stephen Michael Fine ("Fine") and denying him a certificate of appealability. Now before the Court is Fine's motion to reconsider (Doc. 12). As explained below, the Court is unconvinced that it erred in denying Fine relief. The motion is therefore DENIED.

**Background**

Fine pled guilty to four felonies in connection with a methamphetamine conspiracy. At sentencing, the Court found Fine to have at least two prior convictions for "controlled substance offenses," as defined in § 4B1.2(b) of the U.S. Sentencing Guidelines: distributing a precursor chemical and conspiring to distribute a precursor chemical, both in Kansas in 2005. Under § 4B1.1(a), the Court found Fine to be a career offender and subjected him to an enhanced sentence of 293 months' imprisonment. Fine's attorney objected throughout this process, arguing that the prior Kansas convictions did not necessarily involve a controlled substance.

Fine moved to vacate his conviction under 28 U.S.C. § 2255, arguing that his attorney was constitutionally ineffective for failing to object to his career offender status. *See Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). Specifically, he argued that: his convictions

involved red phosphorus; red phosphorous is not a controlled substance; therefore his attorney should have presented evidence that red phosphorous is not a controlled substance; but his attorney failed to do so; which led to Fine's sentence being wrongfully enhanced.

Because the transcript of the sentencing hearing undermined Fine's claim that his attorney failed to object to the sentencing enhancement, and because Fine did not explain what facts would have helped his attorney's doomed legal argument, the Court denied Fine's motion.

In this motion, Fine emphasizes two exhibits that he previously presented to the Court. The first is the plea agreement he made for his 2005 controlled substance convictions. The second is a "Kansas Sentencing Guidelines Journal Entry of Judgment" for the same case. Neither document mentions red phosphorous.

**Standard**

Although Fine styles his motion as one for reconsideration, his motion is more appropriately brought under Federal Rule of Civil Procedure 59(e). *Compare* Fed. R. Civ. P. 54(b) (reconsideration of interlocutory orders), *with* Fed. R. Civ. P. 59(e) (amendment of a final judgment). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). They may not "be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

**Discussion**

Fine argues that the Court should amend its earlier judgment because he *did* indicate what evidence his attorney should have presented to support an argument that red phosphorus is not a controlled substance: the plea agreement and journal entry from Kansas state court. These

documents do not address whether red phosphorus is a controlled substance. Nor could they; the classification of red phosphorus as a controlled substance is a *legal* argument, not a *factual* argument. *See United States v. Camp*, 410 F.3d 1042, 1047 (8th Cir. 2005). As previously explained, Fine's attorney made the necessary legal arguments prior to and during sentencing. Fine is understandably dissatisfied with the outcome of those arguments. But once again, he has failed to suggest any legal argument that his attorney was constitutionally required to make, but did not. *See Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981).

This motion is simply a rehash of arguments previously raised and denied. Such motions do not merit Rule 59(e) relief. The Court denies Fine's motion in its entirety.

## Conclusion

For the above reasons, Fine's Motion for Reconsideration (Doc. 12) is DENIED.

**IT IS SO ORDERED.**

Dated:  June 6, 2016             /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT